No. 3--07--0168

_____

Filed March 11, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| RANDOLPH M. GORDON, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Grundy County, Illinois, |
| | ) | |
| | ) | |
| v. | ) | No. 04--L--14 |
| | ) | |
| VICTORIA GORDON, | ) | Honorable |
| | ) | Robert C. Marsaglia, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the opinion of the court:

_____

The plaintiff, Randolph M. Gordon, filed suit against his former spouse, Victoria Gordon, alleging that she either intentionally or negligently inflicted emotional distress. The trial court dismissed the complaint for want of personal jurisdiction over the defendant. The plaintiff appeals, arguing that the trial court had personal jurisdiction under the long-arm statute (735 ILCS 5/2--209 (West 2004)). We affirm.

FACTS

On August 26, 2002, the plaintiff and the defendant divorced in Florida. A Florida trial court entered a final judgment, dissolving the marriage and incorporating the parties' marital settlement agreement. The marital settlement agreement dealt

with the parties' parental rights and responsibilities concerning their three children and the distribution of their property.  The final order also gave the Florida trial court jurisdiction over the enforcement of the provisions of the marital settlement agreement.

On March 10, 2004, the plaintiff filed suit, alleging that the defendant had committed the tort of intentional infliction of emotional distress.  The complaint stated that the plaintiff resides in Morris, Illinois, and that the defendant resides in Ocoee, Florida.  It alleged that some of the tortious conduct occurred in Grundy County, Illinois.

The complaint referenced the parties' marital settlement agreement and alleged that the defendant refused to comply with its terms so as to harass and embarrass the plaintiff and hinder his relationship with his children.  The amended complaint specifically alleged that the defendant: (1) caused the City of Ocoee to send a water bill for her house to the plaintiff in Illinois; (2) failed to deliver a car title to the plaintiff within 10 days of the entry of the marital settlement agreement; (3) failed to deliver a quitclaim deed for the parties' Illinois townhouse to the plaintiff for a period in excess of one year, when the marital settlement agreement required delivery within 10 days of its entry; (4) caused a law firm to contact the plaintiff about the payment of a note when the defendant failed to provide

2

the plaintiff with a deed that would have allowed him to refinance and pay the defendant; (5) failed to provide the plaintiff with a mortgage release even though she was paid 90 days earlier, thereby slandering the title to plaintiff's Illinois property; (6) turned off the ringer on the telephone to prevent the plaintiff from having reasonable contact with his children; (7) failed to inform the children that the plaintiff called; (8) discouraged or prohibited the children from calling the plaintiff; (9) failed to provide the plaintiff with the children's school calender or his son's baseball schedule as required by the marital settlement agreement; (10) caused the children to call the plaintiff to solicit money for school trips even though the defendant received child support for such purposes; (11) refused to allow the plaintiff access to the children on weekends when the children would be accessible to the plaintiff; (12) failed to consult with the plaintiff about their daughters' braces although his consent is required by the marital settlement agreement; (13) failed to notify the plaintiff about the children's doctor's appointments as required by the marital settlement agreement; (14) removed items from plaintiff's grandfather's chest in violation of the marital settlement agreement; (15) failed to give the plaintiff furniture as required by the marital settlement agreement; and (16) on several occasions, called the plaintiff's home telephone and attempted to

3

access messages on plaintiff's answering machine.

On April 14, 2004, the defendant filed a motion to dismiss the complaint for lack of personal jurisdiction pursuant to section 2--301 of the Code of Civil Procedure (Code) (735 ILCS 5/2--301 (West 2004)). The plaintiff voluntarily dismissed his original complaint and subsequently filed an amended complaint.

The amended complaint added the claim that the defendant negligently inflicted emotional distress and alleged that the defendant had committed additional acts giving rise to his claims for emotional distress. It further alleged that the defendant: (1) obtained the plaintiff's e-mail address and sent an e-mail to the plaintiff in Illinois for the sole purpose of harassing him by showing him that she obtained his e-mail address; (2) e-mailed the plaintiff's sister-in-law a harassing e-mail, using the same alias that she used to harass the plaintiff's friend; and (3) on July 22, 2004, called the Department of Children and Family Services (DCFS) and caused it to start an unfounded investigation so as to harass the plaintiff. The defendant's conduct has allegedly caused the plaintiff to lose both sleep and appetite and to seek medical care.

On October 1, 2004, the defendant filed a motion to dismiss the amended complaint for lack of personal jurisdiction pursuant to section 2--301 of the Code (735 ILCS 5/2--301 (West 2004)). On June 21, 2005, the trial court granted the defendant's motion

4

to dismiss, finding that the defendant's alleged acts did not confer jurisdiction on Illinois courts. On July 20, 2005, the plaintiff filed a motion to reconsider; the trial court denied the motion on February 15, 2007.

Plaintiff appeals.

ANALYSIS

On appeal, the plaintiff argues that the trial court had specific personal jurisdiction over the defendant under numerous but unstated subsections of section 2--209(a) of the long-arm statute (735 ILCS 5/2--209(a) (West 2004)) or, in the alternative, under the catchall provision of the long-arm statute (735 ILCS 5/2--209(c) (West 2004)). We review de novo the trial court's determination of jurisdiction because it is based solely on documentary evidence. Kostal v. Pinkus Dermatopathology Laboratory, P.C., 357 Ill. App. 3d 381, 827 N.E.2d 1031 (2005).

The catchall provision of the long-arm statute provides that a trial court may exercise jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2--209(c) (West 2004). The enactment of the catchall provision made the long-arm statute coextensive with due process requirements of the Illinois and United States Constitutions. Keller v. Henderson, 359 Ill. App. 3d 605, 834 N.E.2d 930 (2005). As such, "the long-arm statute is satisfied when due process concerns are satisfied,

5

regardless of whether the defendant performed any of the acts enumerated in the long-arm statute." Keller, 359 Ill. App. 3d at 612, 834 N.E.2d at 935. Therefore, our personal jurisdiction analysis will focus solely on whether the plaintiff has shown that federal and Illinois due process requirements have been satisfied.

An assertion of specific personal jurisdiction satisfies federal due process guarantees so long as the defendant has sufficient "minimum contacts" with the forum state such that maintaining an action in the forum state does not offend "'traditional notions of fair play and substantial justice.' [Citation.]" International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945). Minimum contacts must be based on acts by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protection of its laws. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). The defendant's conduct must reflect a connection to the forum state such that the defendant would reasonably anticipate being haled into that state's court. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980). Thus, a trial court must determine whether: (1) the nonresident defendant has sufficient minimum contacts with the forum state; (2) the

6

cause of action arises from these contacts; and (3) it is reasonable to require the defendant to litigate in the forum state. Viktron Ltd. Partnership v. Program Data Inc., 326 Ill. App. 3d 111, 759 N.E.2d 186 (2001).

The plaintiff argues that defendant engaged in a course of conduct to inflict emotional distress. However, every one of the defendant's alleged acts or, more correctly, failures to act that form this course of conduct in the original complaint involve matters related to the parties' divorce and marital settlement agreement. The defendant's acts, or lack thereof, concerning the marital settlement agreement never reached into Illinois and were only related to Illinois in that her failure to act affected the plaintiff, who resides in Illinois. The additional two acts alleged in the amended complaint--an e-mail and a telephone call to DCFS--did result in some contact in Illinois, but we find them insufficient to require the defendant to litigate in Illinois.

In determining whether it is reasonable to require a defendant to litigate in a forum state, a trial court must consider: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the action; and (5) the shared interests of the several states in advancing fundamental social policies.

7

<u>World-Wide Volkswagen Corp.</u>, 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559.

Here, plaintiff's complaints make it apparent that the plaintiff is making a thinly veiled attempt to have an Illinois court enforce the Florida court's order through this tort action. We understand that in the real world emotional distress is involved in virtually every dissolution of marriage action. However, the Florida trial court that dissolved the parties' marriage retained jurisdiction over the enforcement of the provisions of the marital settlement agreement in its final order. The defendant could not have reasonably expected to be haled into an Illinois court to resolve matters related to her alleged failure to comply with the terms of the marital settlement agreement incorporated within the order. The Florida trial court has a greater interest in resolving any dispute related to its orders. Accordingly, we find that the plaintiff has failed to show that an Illinois court's assertion of personal jurisdiction in this case would be proper.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Grundy County is affirmed.

Affirmed.

HOLDRIDGE and WRIGHT, JJ., concur.

8